MICHAEL FAILLACE ESQ.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EMILIANO LIBRADO GALVEZ,
                *Plaintiff*,

      -against-

PIZZA BOY 2 INC. (d/b/a PIZZA BOY 2),
NICOLA GAMBINO and FRANK
GAMBINO,

                *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**ECF Case**

      Emiliano Librado Galvez ("Plaintiff Librado" or "Mr. Librado"), individually, by and through his attorneys, Michael Faillace Esq., upon his knowledge and belief, and as against Pizza Boy 2 Inc. (d/b/a Pizza Boy 2), ("Defendant Corporation"), Nicola Gambino and Frank Gamino, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

      1.     Plaintiff Librado is a former employee of Defendants Pizza Boy 2 Inc. (d/b/a Pizza Boy 2), Nicola Gambino and Frank Gambino.

      2.     Defendants own, operate, or control an Italian restaurant, located at 5819 Woodside Avenue, Woodside, New York 11377 under the name "Pizza Boy 2".

      3.     Upon information and belief, individual Defendants Nicola Gambino and Frank Gambino, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Librado was employed as a cook at the restaurant located at 5819 Woodside Avenue, Woodside, New York 11377.

5. At all times relevant to this Complaint, Plaintiff Librado worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Librado appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Librado the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Librado to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Librado now brings this action on behalf of himself, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Librado's state law claims under 28 U.S.C. § 1367(a).

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Librado was employed by Defendants in this district.

## PARTIES

*Plaintiff*

Plaintiff Emiliano Librado Galvez("Plaintiff Librado" or "Mr. Librado") is an adult individual residing in Queens County, New York.  Plaintiff Librado was employed by Defendants at Pizza Boy 2 from approximately 1998 until on or about January 26, 2025.

12.    Plaintiff Librado  consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

13.     At all relevant times, Defendants own, operate, or control an Italian restaurant, located at 5819 Woodside Avenue, Woodside, New York 11377under the name "Pizza Boy 2".

14.     Upon information and belief, Pizza Boy 2 Inc. (d/b/a Pizza Boy 2) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 5819 Woodside Avenue, Woodside, New York 11377.

15.     Defendant Nicola Gambino is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nicola Gambino is sued

individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Nicola Gambino possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Librado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

16. Defendant Frank Gambino is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Frank Gambino is sued individually in his capacity as an owner /officer of Defendant Corporation. Defendant Frank Gambino possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Librado, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

17. Defendants operate an Italian restaurant located in the Woodside section of Queens in New York City.

18. Individual Defendants, Nicola Gambino and Frank Gambino, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

19. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

20. Each Defendant possessed substantial control over Plaintiff Librado's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Librado.

21. Defendants jointly employed Plaintiff Librado and are Plaintiff Librado's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

22. In the alternative, Defendants constitute a single employer of Plaintiff Librado.

23. Upon information and belief, Individual Defendants Nicola Gambino and Frank Gambino operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

24. At all relevant times, Defendants were Plaintiff Librado's employers within the meaning of the FLSA and New York Labor Law.

25. Defendants had the power to hire and fire Plaintiff Librado, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Librado's services.

26. In each year from 2019 to 2025, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

27. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

28. Plaintiff Librado is a former employee of Defendants, who was employed as a cook.

29. Plaintiff Librado seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Emiliano Librado Galvez*

30. Plaintiff Librado was employed by Defendants from approximately 1998 until on or about January 26, 2025.

31. Defendants employed Plaintiff Librado as a cook.

32. Plaintiff Librado regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

33. Plaintiff Librado's work duties required neither discretion nor independent judgment.

34. Throughout his employment with Defendants, Plaintiff Librado regularly worked in excess of 40 hours per week.

35. From approximately March 2019 until on or about January 26, 2025, Plaintiff Librado worked from approximately 10:00 a.m. until on or about 7:00 p.m. Mondays, Tuesdays and Thursdays, from approximately 10:00 a.m. until on or about 8:00 p.m. Fridays and Sundays and from approximately 10:00 a.m. until on or about 12:00 a.m., on Saturdays (typically 55 hours per week).

36. Throughout his employment, Defendants paid Plaintiff Librado his wages in a combination of check and cash.

37. From approximately March 2019 until on or about December 2024, Defendants paid Plaintiff Librado a fixed salary of $750 per week.

38. From approximately January 1, 2025 until on or about January 26, 2025, Defendants paid Plaintiff Librado a fixed salary of $900 per week.

39. Plaintiff Librado's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

40. For example, Defendants required Plaintiff Librado to work an additional 8 to 12 hour shift every two months, and only paid him for 3 hours of work.

41. Plaintiff Librado was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

42. On two occasions, Defendants required Plaintiff Librado to sign a document, the contents of which he was not allowed to review in detail.

43. In addition, in order to get paid, Plaintiff Librado was required to sign a document in which Defendants misrepresented the hours that he worked per week.

44. Defendants did not provide Plaintiff Librado an accurate statement of wages, as required by NYLL 195(3).

45. Defendants did not give any notice to Plaintiff Librado, in English and in Spanish (Plaintiff Librado's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

46. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Librado to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

47. Plaintiff Librado was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

48. Defendants' pay practices resulted in Plaintiff Librado not receiving payment for all his hours worked, and resulted in Plaintiff Librado's effective rate of pay falling below the required minimum wage rate.

49. Defendants habitually required Plaintiff Librado to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Defendants required Plaintiff Librado to sign a document the contents of which he was not allowed to review in detail.

52. Also, Defendants required Plaintiff Librado to sign a document that reflected inaccurate or false hours worked.

53. Defendants paid Plaintiff Librado his wages in cash.

54. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Librado worked, and to avoid paying Plaintiff Librado properly for his full hours worked.

55. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying Plaintiff Librado compensation by knowingly violating the FLSA and NYLL.

56. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Librado.

57. Defendants failed to provide Plaintiff Librado with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58. Defendants failed to provide Plaintiff Librado, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and Spanish (Plaintiff Librado's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

59. Plaintiff Librado brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60. At all relevant times, Plaintiff Librado and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

61. The claims of Plaintiff Librado stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

62. Plaintiff Librado repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiff Librado's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

64. Defendants had the power to hire and fire Plaintiff Librado, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

65. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

66. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

67. Defendants failed to pay Plaintiff Librado at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

68. Defendants' failure to pay Plaintiff Librado at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff Librado was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

70. Plaintiff Librado repeats and realleges all paragraphs above as though fully set forth herein.

71. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Librado overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72. Defendants' failure to pay Plaintiff Librado overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Librado was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

74. Plaintiff Librado repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff Librado's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

76. Defendants had the power to hire and fire Plaintiff Librado, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

77. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Librado less than the minimum wage.

78. Defendants' failure to pay Plaintiff Librado the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Librado was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

80. Plaintiff Librado repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Librado overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82. Defendants' failure to pay Plaintiff Librado overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiff Librado was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

84. Plaintiff Librado repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to pay Plaintiff Librado one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Librado's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

86. Defendants' failure to pay Plaintiff Librado an additional hour's pay for each day Plaintiff Librado's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

87. Plaintiff Librado was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

88. Plaintiff Librado repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiff Librado with a written notice, in English and in Spanish (Plaintiff Librado's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

90. Defendants are liable to Plaintiff Librado in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

91. Plaintiff Librado repeats and realleges all paragraphs above as though fully set forth herein.

92. With each payment of wages, Defendants failed to provide Plaintiff Librado with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

93. Defendants are liable to Plaintiff Librado in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Librado respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Librado and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Librado and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Librado's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Librado and the FLSA Class members;

(f) Awarding Plaintiff Librado and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Librado and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Librado;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Librado;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Librado's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Librado;

(l) Awarding Plaintiff Librado damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, under the NYLL as applicable

(m) Awarding Plaintiff Librado damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Librado liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)  Awarding Plaintiff Librado and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)  Awarding Plaintiff Librado and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)  All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Librado demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
March 18, 2025

MICHAEL FAILLACE ESQ.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*